**2017-2266**

**In The**
# United States Court of Appeals
**For The Federal Circuit**

## LARGE AUDIENCE DISPLAY SYSTEMS, LLC,

*Plaintiff – Appellant*,

**v.**

## TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, BRITNEY SPEARS, SPEARS KING POLE INC.,

*Defendants – Appellees*,

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA IN NO. 2:11-CV-03398-R-RZ, JUDGE MANUEL L. REAL.**

**JOINT RESPONSE TO SUA SPONTE ORDER OF MAY 4, 2018**

Andrew S. Langsam
PRYOR CASHMAN LLP
7 TIMES SQUARE, 25TH FLOOR
NEW YORK, NEW YORK 10036
(212) 326-0180
alangsam@pryorcashman.com (e-mail)

Counsel for Appellee

Dwayne Goetzel
MEYERTONS, HOOD, KIVLIN
 KOWERT & GOETZEL, P.C.
1120 SOUTH CAPITAL OF TEXAS HWY.
BUILDING 2, SUITE 300
AUSTIN, TEXAS  78746
(512) 853-8800
dgoetzel@intprop.com (email)

Counsel for Plaintiff-Appellant

This Response is filed pursuant to the Court's *sua sponte* directive at the Oral Hearing of May 4, 2018, and the *sua sponte* written Order of the Court on the same date. The Court orally directed Appellees'-Defendants' attorney to provide the Court with the segregated amount of attorney's fees spent on the Reexamination proceedings and, then, in a subsequent written *sua sponte* Order, directed the Parties to "submit within 20 days a joint status report regarding the results of their further negotiations." The parties have been discussing settlement options, but were unable to reach a resolution by the Court's deadline and submit this Joint Response reflecting their respective positions.

## Defendants' – Appellees' Position on Amount of Attorney's Fees for Reexamination

Defendants' attorney determined that the amount of attorneys' fees incurred and paid for by Defendants, for representation in the US Patent Office and at the Patent Trial and Appeal Board, for the Reexamination proceedings of the Patent, was $196,854. This total is distinct from those attorneys' fees incurred for necessary legal work done during the pendency of the civil litigation proceedings in both the United States District Courts for the Eastern District of Texas and the Central District of California. The amount of fees represented as incurred by Defendants for the Reexamination—as opposed to legal representation in the Courts, was calculated by first considering the total of fees paid by the Defendants

as sought in the present Appeal.  Then, starting with the date the U.S. District Court for the C.D. Ca. granted a Stay of the civil litigation (as a consequence of the Petition for Reexamination being granted by the US Patent Office) until the date the US Patent Office issued the Reexamination Certificate, legal fees for the Defendants were summed to the extent they related to work done for use in the US Patent Office and related to the Reexamination proceedings.  That summing did not include the monthly status reports filed with the District Court on the progress of the Reexamination nor fees incurred for participation in settlement discussions. The sum of legal fees for the Reexamination, extending from the District Court's Grant of the contested Motion for a Stay pending the Reexamination to the issuance of the Reexamination Certificate, was deducted from the total of all incurred and paid fees to determine the amount spent on preparing for and defending the civil litigation in contrast to that expended on the Reexamination. Defendants-Appellees did not include in the total of the reexamination fees those fees relating to prior art searching, review, claim chart preparation, etc. since a) incurred before the Stay was granted and b) as these were prepared for anticipated Markman Hearings and would be used in the litigation in the courts even if the Reexamination Petition was not granted by the Patent Office.  The amount spent for civil litigation in the Courts (excluding the attorneys' time billed and paid for in connection with the two Appeals by LADS, the preparation of the Defendants'

3

briefs in connection with the multiple submissions seeking Attorney's Fees) is $536,559.50.

While the Court discussed at the Oral Argument and the *sua sponte* Order related to the amount and whether attorney's fees incurred by Defendants for the Reexamination proceedings could be lawfully recovered, Defendants respectfully direct the Court to  Webb v. Dyer County Board of Election, 471 U.S. 234, 105 S.Ct. 1923 (1985) ("ordinarily necessary" ancillary fees recoverable); PPG Industries, v. Celanese Polymer Specialties Co., 840 F.2d 1565, 1568 (Fed. Cir. 1988) (reversal of District Court's denial of attorney's fees for inter partes Patent Office proceedings as the PTO proceedings were "useful and of a type ordinarily necessary" and the proceedings "substituted for the District Court litigation on all issues considered by the PTO and the Board"); Deep Sky Software v. Southwest Airlines Co, 2015 U.S. Dist. LEXIS 178030 (S.D. Ca. 2015) ("related" fees for Reexamination recoverable to prevailing party) (citing PPG, supra,  and Central Soya Co. v. Geo. A. Hormel & Co., 723 F. 2d 1573, 1578 (Fed. Cir. 1983)); and Minco, Inc. v. Combustion Engineering, 903 F. Supp. 1204, 1226 (E.D. Tenn. 1995), aff'd, 95 F. 3d 1109 (Fed.Cir. 1996) (also relying on PPG, supra-- "the reexamination proceedings replaced the district court litigation for a period of time" and "were instituted to shorten or to possibly obviate the need for a trial.")

And, contrary to Plaintiff-Appellee's representation below, The District Court here granted attorneys' fees, based on the totality of the circumstances and, at least in part because of Plaintiff-Appellants' "positions taken before the PTO" (Appx. 16) and because the "asserted constructions at the PTO were objectively weak." (Appx. 17). Thus, the Reexamination fees should not be excluded. The District Court found that the case was exceptional because "Plaintiff's misconduct permeated throughout the entirety of this matter. From the start of this litigation until the motion for attorney's fees, Plaintiff's conduct has stood out from the usual case." (Amended Order, Appx29). "[The District Court] found that the case was exceptional because Plaintiff's efforts to manufacture venue, the use of a privileged email, and because of the overall weakness of Plaintiff's proposed constructions before the Patent Trial and Appeal Board." (Emphasis added. Amended Order, Appx. 28).

Should this Court desire to review the time spent on the civil litigation preparing for a trial and the Reexamination proceedings in the Patent Office, the Attorneys' time billing entries for both Defendants are set forth in the Appendix, pages APPX2446 through APPX2847. Contrary to Plaintiff-Appellee's statement below, the District Court already determined that the submitted billing records did not include inappropriate block billing and "contains a detailed review of the tasks…." It also determined that the redactions did not prevent the District Court

"from determining the reasonableness of the hours billed."  (Amended Order, Appx. 32).

**Plaintiff – Appellant's Position on Amount of Attorney's Fees for Reexamination**

Plaintiff-Appellant does not agree with Defendants-Appellees' calculation of reexamination fees.[1] For one thing, Defendants-Appellees' calculation does not include any of the fees relating to the reexamination that were incurred in preparing the request for reexamination that was filed on November 11, 2012 and does not include any of the fees relating to the reexamination that were incurred during the first six months of the reexamination prior to the district court case being stayed on May 29, 2012.

The undersigned counsel for Plaintiff-Appellant reviewed every single entry in the invoices submitted to the district court, put all charges relating to the district court actions (such as filing status reports, etc.) in the district court "ledger," and compiled the total fees relating strictly to the reexamination proceeding.  The total amount of attorneys' fees for reexamination matters set forth in the Defendants-Appellees' invoices is at least $428,000, and possibly more (approximately

---

[1] In stating its position on Defendants-Appellees' calculation of reexamination fees, Plaintiff-Appellant is not agreeing that any amount of fees was properly awarded and is not waiving any of its arguments that, under the totality of the circumstances, including Defendants-Appellees' own conduct, this case is not exceptional and no amount of fees can be properly awarded, as set forth in more detail in Plaintiff-Appellant's briefing.

$214,000 for Defendant Tennman and approximately $214,000 for Defendant Spears).[2]

Defendants-Appellees began work on this case on November 11, 2009. Appx2446. Beginning on February 28, 2011, Defendants-Appellees began preparation for filing the reexamination with the Patent Trial and Appeal Board (PTAB). *See* Appx2499. Defendants-Appellees specifically refer to the work for the reexamination in their invoices (*see, e.g.*, entries on March 1, 2011 [Appx2499 – "[r]eview file for prior art and reexamination of Metcalf re same"], March 7, 2011 [Appx2500 – "re-examination of Metcalf"], March 9, 2011 [Appx2501 – "review file wrapper history to determine possibility of Reexamination"], March 10, 2011 [Appx2502 – "viability of reexamination"], March 11, 2011 [Appx2503 – "discuss Reexamination"], March 14, 2011 [Appx2504 – "reexamination of plaintiff's patent"], March 30, 2011 [Appx2506 – "moving fwd on re-examination of patent"], March 31, 2011 [Appx2507 – "conferences … re … re-examination"], April 25, 2011 [Appx2508 – "searching for prior art for Reexamination"], etc.). Similar entries continue throughout the entirety of Defendants-Appellees' invoices.

Plaintiff-Appellant has not included in its calculation of reexamination fees work relating to invalidity or searching for prior art which was conducted in the

---

[2] The amount attributable to the reexamination is likely in excess of $428,000 because issues with Defendants-Appellees' invoices (block billing, redactions, etc.) make it impossible to say what some of the entries are actually for.

first year and three months after the case was filed. *See, e.g.,* Appx2446-2498 and Appx2645-2699. From the above-referenced entries, however, it is apparent that by February 28, 2011, Defendants-Appellees moved beyond searching for prior art or checking on the validity of the patent for purposes of the federal court action and were specifically preparing for the separate administrative proceeding of a reexamination.

This Court was explicitly clear at the May 4, 2018 oral hearing in this matter that fees stemming from the separate reexamination proceeding were not recoverable. Although Plaintiff-Appellant continues to maintain that the case is not exceptional and no fees are warranted, in order to comply with this Court's instructions, Plaintiff-Appellant believes that the amount of at least $428,000 should be deducted from the total amount of allegedly recoverable fees, in that they were incurred specifically for the preparation, filing, and prosecution of the reexamination proceeding (which, Plaintiff-Appellant would note, was a voluntary proceeding filed by Defendants-Appellees, which they were not required to file or to participate in after filing, but Defendants-Appellees chose to do so of their own volition).

With respect to Defendants-Appellees' recitation of case law in its portion above, the Court did not ask for further briefing. Fed. R. App. P. 28(c) states that after the reply brief has been filed, "[u]nless the court permits, no further briefs

may be filed." Defendants-Appellees recitation of case law above goes far beyond the Federal Circuit's order to provide a status report as to "the results of [the parties] further negotiations" or its request for a calculation of reexamination fees and constitutes impermissible briefing of issues not requested by the Court, particularly when no leave of Court was sought.

To the extent that the Federal Circuit does wish to receive additional briefing as to whether attorney fees are recoverable from the reexamination proceeding despite there being no finding of unreasonable conduct, bad faith, litigation misconduct, etc., then Appellant will provide such case law and briefing upon this Court's request.

Respectfully submitted,

/s/ Andrew S. Langsam
   Andrew S. Langsam
   Pryor Cashman LLP

*Attorneys for Appellees-Defendants*

/s/ Dwayne K. Goetzel
   Dwayne K. Goetzel
   Meyertons Hood et al.

*Attorneys for Plaintiff-Appellant*

9